IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| EVAN A. MCGINLEY,     #20027366,         Petitioner, vs. DALLAS COUNTY SHERIFF,         Respondent. | No. 3:21-CV-0909-G (BH) Referred to U.S. Magistrate Judge[1] |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Based on the relevant filings and applicable law, the case should be **DISMISSED** without prejudice for failure to prosecute or follow orders of the court.

### I.  BACKGROUND

Evan A. McGinley (Petitioner), an inmate in the Dallas County Jail, filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 that was received on April 19, 2021.  (*See* doc. 3.)  By *Notice of Deficiency and Order* dated May 13, 2021, Petitioner was notified that he appeared to challenge a pretrial disciplinary proceeding, and that this type of challenge is typically filed as a petition for habeas corpus relief under 28 U.S.C. § 2241.  (*See* doc. 4.)  He was also notified that he had neither paid the $5 filing fee nor submitted a motion to proceed *in forma pauperis* ("IFP"), and that he needed to complete and file a form § 2241 petition.  (*Id.*)  He was ordered to file his § 2241 form, and to either pay the fee or file an IFP motion, within thirty days.  (*Id.*)  The notice specifically stated that a failure to comply with the notice could result in the dismissal of the petition for failure to prosecute or to follow court orders.

On July 1, 2021, a list of statutes was received from Petitioner.  (*See* doc. 6.)  By *Second Notice of Deficiency and Order* dated July 6, 2021, he was again notified that he appeared to

---

[1] By *Special Order No. 3-251*, this habeas case has been automatically referred for findings and recommendation.

challenge a pretrial disciplinary proceeding, that this type of challenge is typically filed under § 2241, and that he needed to complete and file a form § 2241 petition. (*See* doc. 7.) He was also notified that if he was challenging a state conviction pursuant to which he was in custody, he needed to file a completed and signed form petition for writ of habeas corpus under § 2254. (*Id.*) He was again notified that he had neither paid the $5 filing fee nor submitted an IFP motion. (*Id.*) He was ordered to file his petition on either the § 2241 or § 2254 form, and to either pay the fee or file an IFP motion within thirty days. (*Id.*) The notice specifically stated that a failure to comply with the notice could result in the dismissal of the petition for failure to prosecute or to follow court orders.

Well more than thirty days from the date of the second notice have passed, but Petitioner has not filed a completed § 2241 or § 2254 form, paid the filing fee, filed an IFP motion, or filed anything else in this case.

## II. INVOLUNTARY DISMISSAL

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss *sua sponte* an action for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). Here, Petitioner was twice given thirty days to file a completed § 2241 or § 2254 form and to either pay the filing fee or file an IFP motion. The notices of deficiency and orders specifically warned that failure to comply could result in the dismissal of his petition, but he still has not complied or otherwise responded. Because he failed to follow court orders or otherwise prosecute his case, his habeas petition should be dismissed.

### III.  RECOMMENDATION

The habeas petition should be dismissed under Fed. R. Civ. P. 41(b) without prejudice for failure to prosecute or follow orders of the court, unless Petitioner files a completed § 2241 or § 2254 form and either pays the $5 filing fee or files an IFP motion within the fourteen-day time frame for objecting to this recommendation, or by some other deadline set by the Court.

**SIGNED this 10th day of December, 2021.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE