IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| EVAN A. MCGINLEY, )<br>    #20027366, )<br>        Petitioner, )<br>vs. )<br> )<br>DALLAS COUNTY SHERIFF, )<br>        Respondent. ) | <br><br><br>No. 3:21-CV-0909-G (BH)<br><br><br>Referred to U.S. Magistrate Judge[1] |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Based on the relevant filings and applicable law, the petitioner's post-judgment filing should be liberally construed as a motion to alter or amend judgment under Fed. R. Civ. P. 59(e) and **DENIED**.

### I. BACKGROUND

Evan A. McGinley (Petitioner), an inmate in the Dallas County Jail, filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 that was received on April 19, 2021. (*See* doc. 3.) By *Notice of Deficiency and Order* dated May 13, 2021, Petitioner was notified that he appeared to challenge a pretrial disciplinary proceeding, and that this type of challenge is typically filed as a petition for habeas corpus relief under 28 U.S.C. § 2241. (*See* doc. 4.) He was also notified that he had neither paid the $5 filing fee nor submitted a motion to proceed *in forma pauperis* ("IFP"), and that he needed to complete and file a form § 2241 petition. (*Id.*) He was ordered to file his § 2241 form, and to either pay the fee or file an IFP motion, within thirty days. (*Id.*) The notice specifically stated that a failure to comply with the notice could result in the dismissal of the petition for failure to prosecute or to follow court orders.

On July 1, 2021, a list of statutes was received from Petitioner. (*See* doc. 6.) By *Second*

---

[1] By *Special Order No. 3-251*, this habeas case has been automatically referred for findings and recommendation.

*Notice of Deficiency and Order* dated July 6, 2021, he was again notified that he appeared to challenge a pretrial disciplinary proceeding, that this type of challenge is typically filed under § 2241, and that he needed to complete and file a form § 2241 petition. (*See* doc. 7.) He was also notified that if he was challenging a state conviction pursuant to which he was in custody, he needed to file a completed and signed form petition for writ of habeas corpus under § 2254. (*Id.*) He was again notified that he had neither paid the $5 filing fee nor submitted an IFP motion. (*Id.*) He was ordered to file his petition on either the § 2241 or § 2254 form, and to either pay the fee or file an IFP motion within thirty days. (*Id.*) The notice specifically stated that a failure to comply with the notice could result in the dismissal of the petition for failure to prosecute or to follow court orders.

After well over thirty days from the date of the second notice had passed, but Petitioner had not filed a completed § 2241 or § 2254 form, paid the filing fee, filed an IFP motion, or filed anything else, it was recommended on December 10, 2021, that the case be dismissed without prejudice under Fed. R. Civ. P. 41(b) for failure to prosecute or comply with court orders. (*See* doc. 8.) The recommendation was accepted, and this case was dismissed without prejudice by judgment entered on January 3, 2022. (*See* docs. 9-10.) On January 5, 2022, Petitioner's handwritten list of state statutes was received. (*See* doc. 11.) Although the filing was dated April 19, 2021, the envelope was post-marked on December 17, 2021. (*See id.* at 1, 4.)

## II. NATURE OF FILING

According to the filing, it was signed and mailed prior to the date the recommendation was accepted, and neither the acceptance of the recommendation nor the entry of judgment was mentioned. (*See id.* at 1-3.) The objections are therefore construed as timely pre-judgment objections to the recommendation. *See, e.g.*, *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir.

1999) (recognizing that prisoners file their federal pleadings when they place them in the prison mail system), *abrogated on other grounds by Richards v. Thaler*, 710 F.3d 573, 578-79 (5th Cir. 2013). Because Petitioner's objections were received within 28 days of the entry of judgment, they should be liberally construed as a motion to alter or amend the judgment under Rule 59(e) of the Federal Rules of Civil Procedure. *See Williams v. Thaler*, 602 F.3d 291, 303 (5th Cir. 2010) ("When a litigant files a motion seeking a change in judgment, courts typically determine the appropriate motion based on whether the litigant filed the motion within Rule 59(e)'s time limit."), *abrogated on other grounds by Thomas v. Lumpkin*, 995 F.3d 432, 440 (5th Cir. 2021); *see also Rogers v. McKee*, No. 9:06cv228, 2007 WL 2900545, at *2 (E.D. Tex. Oct. 1, 2007) (construing objections to recommendation received after dismissal of habeas petition as motion for relief from judgment) (citing *Bagley v. Bd. of Directors-Farmers Nat'l Bank*, 31 F. App'x 152 (5th Cir. 2001) (holding that objections filed after the entry of an order of dismissal should be construed as a Rule 60 motion for relief from judgment)).

### III.  FED. R. CIV. P. 59(e)

To prevail on a motion to alter or amend a judgment under Rule 59(e), the moving party must show (1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) a manifest error of law or fact. *See Schiller v. Physicians Resource Group Inc.*, 342 F.3d 563, 567 (5th Cir. 2003). A Rule 59(e) motion is "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). Although courts have "considerable discretion" to grant or to deny a Rule 59(e) motion, they use the "extraordinary remedy" under Rule 59(e) "sparingly." *Id.* When considering a motion to alter or amend a

3

judgment, "[t]he court must strike the proper balance between two competing imperatives: (1) finality, and (2) the need to render just decisions on the basis of all the facts." *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 355 (5th Cir. 1993).

Here, Petitioner merely again lists state statutes, but he does not in any way appear to comply with the prior notices and orders of deficiency by filing his claims on either the § 2241 or § 2254 form, and either paying the fee or filing an IFP motion. He does not allege any new evidence or a change in the law, and he has not demonstrated a manifest error of law or fact. Because he has not shown the availability of new evidence not previously available, or that a manifest error of law or fact was made, he has not shown that he is entitled to relief under Rule 59(e).

### IV.  RECOMMENDATION

The petitioner's filing,  received on January 5, 2022 (doc. 11), should be construed as a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e) and **DENIED**.

**SIGNED this 6th day of January, 2022.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

4

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE